IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| HAWTHORNE INDUSTRIAL PRODUCTS INC. as consignee of certain cargo, §§§§ | §§§ CIVIL NO. |
| Plaintiffs §§§ | § |
| v. §§ | § |
| M/V INDIGO SPICA (IMO No. 9708758), her engines, boilers, tackle, etc., *in rem*, IMS MARITIME SA, IMECS CO LTD and HANWIN SHIPPING LIMITED, *in personam*, §§§§§§§§§§ | § |
| Defendants § | |

## VERIFIED COMPLAINT

Plaintiff Hawthorne Industrial Products Inc. ("Hawthorne" or the "Plaintiff"), as consignee of certain cargo, by and through its undersigned attorneys, respectfully submits this Verified Complaint against defendants M/V INDIGO SPICA (IMO No. 9708758), her engines, boilers, tackle, etc., *in rem* (the "Vessel"), IMS Maritime SA ("IMS"), IMECS Co Ltd ("IMECS"), and Hanwin Shipping Limited ("Hanwin" and, all together with the Vessel, the "Defendants"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a claim within this Honorable Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and this is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because the Vessel and the Defendants' property are or soon will be located within this District.

## THE PARTIES

3. Plaintiff Hawthorne is a corporation organized and existing pursuant to the laws of the state of Florida and with a principal place of business located at 10694-B South US Highway 1, Port St. Lucie, Florida 34952, and at all times relevant hereto was engaged in the business of importing wood products from overseas as consignee, including the "Cargo" described more fully described in *Schedule A*.

4. Plaintiff Hawthorne brings this action for its own account as consignee of the Cargo and on behalf of any and all other third parties who may be or might become interested in the Cargo as each of their respective interests may appear.

5. Plaintiff is entitled to maintain this action.

6. Upon information and belief, the Vessel was and still is a Panamanian-flagged bulker.

7. Upon information and belief, at all times relevant hereto, the Vessel was owned by defendant IMS, with a principal place of business located in care of IMECS Co Ltd , 18th Floor, Itochu Building, 5-1, Kitaaoyama 2 chome, Minato-ku, Tokyo, 107-0061, Japan, and managed by defendant IMECS, with a principal place of business located at the same address as IMS.

8. Upon information and belief, at all times relevant hereto, defendant Hanwin was a company located in China that carries ocean cargo and charters vessels.

## THE FACTS

9. Upon information and belief, at all times relevant hereto, defendant Hanwin chartered the Vessel.

10.     Upon information and belief, it is customary in the maritime industry for charterers like Hanwin to provide bunkers, marine fuels, lubricants, fresh water, food, and other provisions to vessels for their operation and care.

11.     Upon information and belief, on or about April 22, 2022, at Qingdao, China, the Defendants accepted and loaded approximately 7,155 crates of Pinus Sylvestris Plywood (*i.e.*, the "Cargo") aboard the Vessel for carriage to Baltimore, Maryland, as more fully described in *Schedule A*.

12.     Upon information and belief, on or about April 22, 2022, the Defendants issued and/or ratified the Bills of Lading for the Cargo.

13.     Upon information and belief, the Defendants were responsible for safely and properly loading, stowing, and securing all of the Cargo on board the Vessel.

14.     Upon information and belief, the Defendants failed to safely and properly load, stow, and secure all of the Cargo on board the Vessel.

15.     Upon information and belief, the Vessel arrived in Baltimore on or about July 19, 2022.

16.     Upon information and belief, once the vessel arrived in Baltimore, it was found that as a consequence of the Defendants' failure to safely and properly load, stow, and secure all of the Cargo on board the Vessel, the cargo moved, shifted, and collapsed and suffered extensive damages during the voyage.

17.     The damages to the Cargo together with the additional costs and expenses incurred by Plaintiff at the port of discharge, including but not limited to stevedoring costs and other related handling costs of the Cargo, are in an amount that can now be estimated to be not less than $6,500,000 which continues to accrue.

18. Plaintiff has a maritime lien against the Vessel for the full amount of damages claimed and for those damages yet unassessed.

19. Plaintiff is entitled to a judgment against said Vessel, *in rem*, and the Defendants, *in personam*, in the amount of the specified claims, together with interest, fees, and costs.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF MARITIME CONTRACT

20. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-19 above.

21. The Cargo was in good order and condition when tendered to and accepted by the Defendants at the load port, but it was not delivered to Plaintiff at the discharge port in the same good order and condition; instead, the Cargo was damaged, moved, shifted, collapsed, crushed, and destroyed.

22. By virtue of the Defendants' (individually or collectively) breaches of the contract of carriage, Plaintiff has incurred losses and damages estimated to be $6,500,000 which continue to accrue.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## MARITIME TORT

23. Plaintiffs repeats and realleges each of the allegations contained in paragraphs 1-19 above.

24. The Cargo was in good order and condition when tendered to and accepted by the Defendants at the load port, but it was not delivered to Plaintiff at the discharge port in the same good order and condition; instead, the Cargo was damaged, moved, shifted, collapsed, crushed, and destroyed.

25.     By virtue of the Defendants' (individually and collectively) tortious conduct including their failure to make the vessel seaworthy, failure to exercise due care for the custody of the cargo, breach of bailment, conversion, misinformation, and reckless and gross negligence, Plaintiffs have incurred losses and damages estimated to be $6,500,000 which continue to accrue.

**AS AND FOR A THIRD CAUSE OF ACTION FOR
RULE C VESSEL ARREST**

26.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-19 above.

27.     Plaintiff holds a maritime lien against the Vessel for the Cargo damaged described above.

28.     Rule C of the Federal Supplemental Rules for Admiralty or Maritime Claims authorizes a claimant to assert a maritime lien against the Vessel *in rem*.

29.     Accordingly, pursuant to Supplemental Rule C, Plaintiff requests that this Court issue an order and warrant for arrest of the Vessel and enter judgment against the Vessel.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR
RULE B MARITIME ATTACHMENT**

30.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-19 above.

31.     Plaintiff has asserted maritime breach of contract and tort claims against each of the *in personam* Defendants.

32.     Rule B of the Federal Supplemental Rules for Admiralty or Maritime Claims authorizes a maritime claimant to attach a defendant's property within a district if the defendant cannot be found within the district.

33.     The *in personam* Defendants cannot be found within this district, but they are believed to have, or will have during the pendency of this action, assets within this district; for example,

Hanwin may have bunkers, lubricants, water, food and other cash or credits aboard the vessels M/V INDIGO SPICA.

34. None of the *in personam* Defendants have posted security as of the date of this *Verified Complaint*.

35. Accordingly, pursuant to Supplemental Rule B, Plaintiff requests that this Court issue an order and writ of garnishment and enter judgment against the *in personam* Defendants.

    **WHEREFORE**, Plaintiff respectfully prays:

A. That this Honorable Court issue an order directing the clerk to issue a warrant for the arrest of the Defendant Vessel *in rem* pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

B. That this Honorable Court issue an order directing the clerk to issue a writ of maritime attachment and garnishment of the *in personam* Defendants' assets within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

C. That any security thereafter fixed by this Honorable Court be conditioned for the maximum amount permitted by Rule E(5), which permits up to twice the amount of Plaintiff's claim;

D. That this Honorable Court issue judgment against the Defendants in an amount in excess of $6,500,000 plus interest, fees, and costs; and

E. That this Honorable Court grant such other and further relief as it deems just and proper.

Dated: August 5, 2022
       Baltimore, Maryland

                                        /s/
                          _____

James W. Bartlett, III, Esquire
Federal Bar Number 00017
Imran O. Shaukat, Esquire
Federal Bar Number 30134
Semmes, Bowen & Semmes
25 S. Charles Street, Suite 1400
Baltimore, Maryland 21201
Phone: (410) 539-5040
Facsimile: (410) 539-5223
jbartlett@semmes.com
ishaukat@semmes.com

*Attorneys for Plaintiff*
HAWTHORNE INDUSTRIAL PRODUCTS, INC.

B2844226.DOCX

## VERIFICATION

I, Russell Stadelman, declare and state:

1. I am a Director and Officer of Hawthorne Industrial Products Inc.;

2. I am authorized on behalf of Hawthorne to make this statement;

3. I am over the age of 18;

4. I am competent to make and swear to the statements made herein;

5. I have personal knowledge of the facts stated herein;

6. The facts alleged in this Verified Complaint are true and correct to the best of my knowledge except as to any matters stated to be alleged upon information and belief which, as to those matters, I believe them to be true.

Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on the 5 day of August, 2022.

_____
Russell Stadelman

## **Schedule A**

| | |
|---|---|
| Bills of Lading: | HSLM07QINBAL001, HSLM07QINBAL002, HSLM07QINBAL003, HSLM07QINBAL004 and HSLM07QINBAL005 |
| Date of Shipment: | April 22, 2022 |
| Shipper: | Lianyungang Yuantai International Trade Co., Ltd. |
| Consignee: | Hawthorne Industrial Products, Inc. |
| Port of Loading: | Qingdao, China |
| Port of Discharge: | Baltimore, Maryland |
| Description of Goods: | 7,155 crates of Pinus Sylvestris Plywood |
| Vessel/s: | Indigo Spica, H2207 |
| Nature of Loss: | Damages to Cargo |
| Amount of Loss: | Currently estimated at $6,500.000, but still accruing, plus interests, fees, and costs |